IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Michael Johnson, *et al.*, | ) | C/A No. 1:10-2557-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Taylor Bean Whitaker Mortgage Corporation; | ) | |
| MERS; John Doe; Jane Doe, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Michael Johnson ("Johnson"), filed this action on Friday, October 1, 2010. Johnson essentially appears to challenge the foreclosure of his home. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Johnson's "Emergency Motion for Temporary Restraining Order and Preliminary Injunction." (ECF No. 2.) Johnson contends that the property at issue is scheduled to be sold at public auction in Aiken County, South Carolina on Monday, October 4, 2010.

The Plaintiff has requested an *ex parte* temporary restraining order ("TRO") in this matter. A temporary restraining order should be restricted to serving the underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer. Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974). Federal Rule of Civil Procedure 65 provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and



>(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Fed. R. Civ. P. 65(b)(1).

Plaintiff has not *fully* complied with the notice requirements of Rule 65(b) of the Federal Rules of Civil Procedure requiring that the movant certify in writing, any efforts to contact Defendants about the requested relief. See Fed. R. Civ. P 65(b). "In view of the possibly drastic consequences of a temporary restraining order, the opposition should be heard, if feasible, before the order is granted. Many judges have properly insisted that, when time does not permit a formal notice of the application to the adverse party, some expedient, such as telephonic notice to the attorney for the adverse party, be resorted to if this can reasonably be done." Id. advisory committee note; see also 11A Charles Allen Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2952 at 273 (2d 1995). Here, although Johnson's filings indicate that he is aware of the identity of the defendant lender and its attorney, (ECF No. 1-1 at 11), he has failed to certify any effort made to give them notice and has offered no reason why notice to all parties should not be required. See Fed. R. Civ. P. 65(b)(1)(B). Accordingly, Johnson has failed to meet Rule 65(b)'s standard for the issuance of a temporary restraining order without notice. Thus, to the extent his motion seeks an *ex parte* restraining order, it should be denied.

Nonetheless, based on Johnson's identification of the lender's attorney, the court attempted to schedule a hearing pursuant to Rule 65(a) with notice to counsel for the lender for Monday, October 4, 2010, prior to the scheduled foreclosure hearing. Upon telephonic inquiry by the clerk of court's office at the direction of the court, counsel for the lender advised that he was unavailable for a hearing on the plaintiff's motion prior to the scheduled foreclosure sale but offered to postpone

Page 2 of 4

*PJG*

the foreclosure sale until after the parties could be heard on the plaintiff's request for injunctive relief.

### RECOMMENDATION

In light of this communication from defense counsel, the court recommends that, to the extent it seeks an *ex parte* temporary restraining order under Rule 65(b), the plaintiff's motion be denied and that a hearing be scheduled as soon as possible prior to the next public auction in Aiken County regarding the plaintiff's motion for preliminary injunctive relief with notice to all parties.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 1, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).