IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Michael Johnson, *et al.*, | ) | C/A No. 1:10-2557-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Taylor Bean Whitaker Mortgage Corporation; | ) | |
| MERS; John Doe; Jane Doe, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

  The plaintiff, Michael Johnson ("Johnson"), who is self-represented, filed this action in which he appears to challenge the foreclosure of his home. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Johnson's motion for a preliminary injunction.[1] (ECF No. 2.) In his motion, Johnson seeks to enjoin the foreclosure sale of his home until the resolution of this matter. The court held a hearing on this motion on October 27, 2010. For the reasons that follow, Johnson's motion for a preliminary injunction should be denied.

  As an initial matter, on October 20, 2010, the court was notified that on August 24, 2009, Defendant Taylor Bean Whitaker Mortgage Corporation ("Taylor Bean") had filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States

---

[1] On October 1, 2010, Johnson filed an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction." (ECF No. 2.) The assigned magistrate judge issued a Report and Recommendation in which she recommended that Johnson's motion be denied to the extent it sought an *ex parte* temporary restraining order. In an Order filed October 14, 2010, the Honorable Margaret B. Seymour, United States District Judge, adopted the Report and Recommendation and recommitted the matter to the assigned magistrate judge for a hearing on the plaintiff's motion for a preliminary injunction as soon as possible before the next scheduled public auction in Aiken County.

Bankruptcy Court for the Middle District of Florida. (ECF No. 19.) Therefore, Johnson's causes of action against Taylor Bean are subject to the automatic stay provisions of 11 U.S.C. § 362.

Second, to the extent that Johnson's motion for a preliminary injunction seeks to enjoin a pending state action by enjoining the execution of the foreclosure order, the Anti-Injunction Act precludes such an injunction. See Phillips v. Charles Schreiner Bank, 894 F.2d 127, 131 (5th Cir. 1990); Cragin v. Comerica Mortg. Co., 69 F.3d 537, 1995 WL 626292 (6th Cir. 1995) (Table); Horton v. Clark, 948 F.2d 1294, 1991 WL 240115 (10th Cir. 1991) (Table); St. Clair v. Wertzberger, 637 F. Supp. 2d 251, 255 (D.N.J. 2009). To the extent that Johnson's motion seeks to challenge the state judgment issued by the Master-in-Equity for Aiken County, it would be barred by the Rooker-Feldman doctrine. See Mickens v. Tenth Judicial Circuit, 181 Fed. Appx. 865, 874-75 (11th Cir. 2006) (noting that "the Rooker-Feldman doctrine can bar injunctive relief as well as other forms of relief" and holding that district court lacked jurisdiction over plaintiffs' request for preliminary injunction to enjoin mortgage foreclosure sale of their property) (unpublished), cert. denied, 549 U.S. 1096.

Finally, even if the court had authority to grant injunctive relief in this case, Johnson has failed to establish all of the required elements to obtain an injunction. A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F. 3d 342, 346-47 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in part, 607 F.3d 355 (4th Cir. 2010), overruling Blackwelder Furniture Co. of

Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).[2]  A plaintiff must make a *clear showing* that he is likely to succeed on the merits of his claim.  Winter, 129 S. Ct. at 376; Real Truth, 575 F.3d at 345-46.  Similarly, he must make a *clear showing* that he is likely to be irreparably harmed absent injunctive relief.  Winter, 129 S. Ct. at 374-76; Real Truth, 575 F.3d at 347.  Only then may the court consider whether the balance of equities tips in the plaintiff's favor.  See Real Truth, 575 F.3d at 346-47.[3]  Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction.  Real Truth, 575 F.3d at 347 (quoting Winter, 129 S. Ct. at 376-77).  Based on his filings and argument presented at the hearing on this motion, the court finds that Johnson has not made a clear showing that he is likely to succeed on the merits of his claim.  See Winter, 129 S. Ct. at 376; Real Truth, 575 F.3d at 345-46.

## RECOMMENDATION

For all of the foregoing reasons, the court recommends that the plaintiff's motion for a preliminary injunction (ECF No. 2) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 29, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] The portions of Real Truth that were reissued by the United States Court of Appeals for the Fourth Circuit are Parts I and II found at 575 F.3d at 345-47, which are the sections addressing injunctions that are relied upon in the court's Report and Recommendation.

[3] Based on Winter, the Real Truth Court expressly rejected and overruled Blackwelder's sliding scale approach, which allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm.  Real Truth, 575 F.3d at 347; Winter, 129 S. Ct. at 375-76.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).